IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FELIX CALVIN CUNNINGHAM                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:12cv443-LRA

TYRONE LEWIS, et al.                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Felix Calvin Cunningham was formerly housed at the Hinds County

Detention Center (HCDC) in Raymond, Mississippi, as a pretrial detainee.   He has since

been released.  Presently before the Court is the motion of Defendants for summary

judgment. This Court conducted an omnibus hearing on January 24, 2013, and held a

hearing on Defendants' motion for summary judgment on February 18, 2014.  Plaintiff

never filed a written response to the motion, but the Court shall consider his sworn

testimony in response to the motion as well as his pleadings.  He filed this § 1983 action

alleging unconstitutional conditions at the jail.  Having considered the motion and the

competent summary judgment evidence, the Court concludes that the motion should be

granted.

Plaintiff was housed in the Hinds County Detention Center as a pretrial detainee for

approximately 16 months during 2011 and 2012.  He filed his Complaint on May 29, 2012,

along with three other inmates, including Demario Walker, Jeffrey Tyrone Harvey, and

Vincent E. Donelson.  By Order filed June 29, 2012, [1] the Court directed that the cases

be severed and that four separate lawsuits should proceed.  Cunningham, along with the

other inmates, charged that their conditions of confinement in the detention center

violated their constitutional rights.  According to the Court's docket, the lawsuits filed by

the other three plaintiffs have now been dismissed for failure to prosecute or for failure to

pay filing fees.  Less than four months later, on September 12, 2012, Cunningham filed another suit based on the conditions of his confinement in the HCDC [Cause No. 3:12cv634-CWR-FKB].[1]   That Complaint was dismissed by District Judge Reeves by Memorandum Opinion and Order of Dismissal filed November 1, 2012, (2012 WL 5384642).  Many of the same claims already made in the instant Complaint were repeated in that Complaint, and Judge Reeves dismissed them as malicious.  The primary new allegations in 3:12cv634 concerned a riot which occurred in July 2012, and Judge Reeves dismissed those claims on the merits.  Many of the claims considered on the merits by Judge Reeves were similar to those made herein, and the findings in that case are noted by the Court herein.

The joint statement of the claims is quoted from the Complaint as follows:

> Plaintiffs were assaulted, denied access to medical care, denied adequate medical care, denied adequate, safe, reliable housing, exposed to disease and contagion.  Denied access to a law library.  Denied sanitary clothing & bedding.  Denied healthful nutritious adequate food and diets, sleep deprived, subjected to cruel and unusual punishment.  Subjected to inadequate classification and dangers.  Unsanitary living and eating and housing environment.  No eating utensils.  Violation of mail privileges.  Will amend to quote specifics.  Plaintiffs all have immediate danger and harm.

---

[1]The Court notes that Cunningham has also filed *Cunningham v. Jackson Police Dept.*, Cause No. 3:12cv615-FKB and *Cunningham v. Jackson Police Dept.*, Cause No. 3:12cv627-WHB-LRA.  In the former case, he challenged his arrest, and the Complaint was dismissed under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In the latter case, his claims were habeas in nature, and the Court dismissed them because Cunningham had not exhausted in the state courts.  *See* Mem. Opinion and Order of Dismissal [10], dated September 25, 2012.

In the Omnibus Order [43], Plaintiff was directed to amend to specifically state his claims against each Defendant by April 20, 2013; he has failed to file any additional amendments since that Order was entered.

Generally, Plaintiff contends that his conditions were constitutionally inadequate at the HCDC.  Specifically, he charges that he did not receive medical care for his neck when he requested treatment.  He had spasms in his neck due to an accident in 1997 and he should have been prescribed Flexoril but was instead only provided Tylenol or generic aspirin.  He was not provided dental work that he needed in a timely manner.  He further testified that the cells' doors in the pod could be popped by other inmates at any time, and several times other inmates came in his cell and stole his belongings.  He also charges that the staff would not bring in cleaning products but one time every week or two, and the cells were unsanitary.  Mold grew in the showers and in the cells, and he could have gotten sick.  The cleaning at the jail improved beginning in July 2012.  He did not get sick, although he believes he developed athletes' foot because of the mold.  Plaintiff also contends that the bedding clothes were not changed regularly; sometime he had to go weeks without the sheets being washed.  Sometimes he had to wash his own clothes.

Plaintiff contends that he was denied access to the law library during most of his stay; however, he concedes that he did have a lawyer for the legal cases he was pursuing.

Plaintiff named approximately 15 Defendants, including individual guards and medical providers.  The summonses were returned unexecuted as to all but Sheriffs McMillin and Lewis, Hinds County, and Captain Ivy.  Judge Wingate dismissed the Hinds

County Board of Supervisors by Memorandum Opinion and Order filed August 20, 2012 [15].

Defendants have asserted that they are entitled to qualified immunity in this case. When a defendant asserts this defense, the plaintiff has the burden of proving that it is inapplicable.  *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007); *Atteberry v. Nocona General Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005).  For the reasons that follow, the Court finds that Plaintiff Cunningham has failed to rebut Defendants' assertions by competent evidence.

Section 1983 prohibits the deprivation of constitutional rights under color of state law.  As the United States Supreme Court has taught, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment applies to the State of Mississippi and its agencies by virtue of the Due Process Clause of the Fourteenth Amendment, and it prohibits the infliction of cruel and unusual punishment for crimes.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).  The amendment's protection extends to prohibit deprivations that are not specifically a part of a prison sentence, but are suffered as the result of imprisonment.  *Id.* at 297, citing *Estelle v. Gamble*, 429 U.S. 97 (1976).  The amendment requires prison officials to provide humane conditions of confinement, including adequate medical care.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Pretrial detainees are protected by the Fourteenth Amendment, and the analysis is much the same.  *Hare v. City of Corinth, MS*, 135 F.3d 320, 326-7 (5th Cir. 1998).

4

The elements of proof in a case involving conditions of confinement are twofold and include: (1) an objective component, under which the inmate must prove his exposure to a harm or injury that violates contemporaneous standards of decency; and (2) a subjective component, under which the inmate or pretrial detainee must prove that the prison authorities' current conduct evidences a deliberate indifference to that exposure. *Helling*, 509 U.S. at 35-36; *Hare*, 135 F.3d 327. In other words, under the objective component, the deprivation alleged must be "sufficiently serious," resulting in "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

In defense, prison officials may show that they did not know of the indications of substantial danger and were, therefore, unaware of the danger, or that they knew the indications but believed that the risk involved was "insubstantial or nonexistent," or that they "responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844-45.

Because he was a pretrial detainee during his stay in the HCDC, Cunningham had a clearly established constitutional right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). In a conditions-of-confinement case, the "harm" is caused by the condition itself, such as when inadequate food, heating, or sanitary conditions themselves constitute miserable conditions. *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997); *Duvall v. Dallas Cnty.,* 631 F.3d 203, 206 (5th Cir. 2011) (the conditions of a pretrial detainees's detention may be so harmful or dangerous that the conditions themselves may amount to impermissible

5

"punishment.").   A constitutional violation may occur when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 454  (5th Cir. 2009).

Constitutional challenges may be brought by a pretrial detainee under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission."   *Id.* at 452.  In this case, most of Plaintiff's claims primarily focus on the conditions of his confinement rather than an episodic act or acts.[2]  Therefore, under the law he must prove the "existence of an identifiable intended condition or practice that was not reasonably related to a legitimate governmental objective."  *Id.* at 455.  The practice may be an explicit policy, such as a written rule, or it may also be manifested by a *de facto* policy.  The latter must be by "...acts or omissions sufficiently extended or pervasive ... to prove an intended condition or practice."  *Id.*   In such a case, the intent to punish may be presumed.  *Id.* at 452.

In this case, Cunningham has not pointed to any "explicit policy" that led to any injury.  *Scott*, 114 F.3d 51, n. 2.  He must establish that a policy or custom was "adopted

---

[2]However, several of Plaintiff's claims are episodic in nature, such as his specific medical claims.  For episodic acts, a plaintiff must show that the official acted with deliberate indifference, and Cunningham has not stated facts against individuals which would rise to this level.  *See Hare*, 74 F.3d at 648.  Plaintiff charges that together his claims violate the Constitution.
    Determining whether to classify a claim as a conditions-of-confinement claim or an "episodic acts" claim is not always straightforward.  *See, e.g., Scott,* 114 F.3d at 53-54 (holding that the "episodic act" branch of the doctrine governed a detainee's claim arising out of sexual assault by a guard); *id.* at 56 (Wisdom, J., dissenting) (the assault was traceable to "regular and systematic" staffing policies that were the "antithesis of episodic").  In this case, Plaintiff has failed to state a constitutional claim regarding his medical care--- his general displeasure and disagreement with his medical care for his neck spasms is not sufficient to survive Defendants' qualified immunity defense under the circumstances of this case.

or maintained with objective deliberate indifference to the [plaintiff]'s constitutional rights."
*Hare*, 74 F.3d at 649 n. 4 (cited in *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 526
(5th Cir. 1999)).  No evidence has been presented which would defeat Defendants' claims
of qualified immunity.  The general conditions about which he complains are not shown to
be an *explicit policy* or a *de facto* policy that were so pervasive so as to prove it was
intended or was a practice.  The law requires supporting evidence to counter Defendants'
claims of immunity.  The Court concludes that Plaintiff's sworn statements concerning his
conditions of confinement in the HCDC are not sufficient to create a factual issue as to
whether those conditions constituted punishment and whether they resulted in serious
deficiencies in the provision of Plaintiff's basic human needs.  Plaintiff testified that he did
not receive any actual physical injuries due to the conditions about which he complains.
The conditions described by Plaintiff  concerning his confinement in HCDC do not rise to
this level of severity--- his Complaint contains only very generalized allegations and does
not describe a specific policy or practice.  Accordingly, Defendants are entitled to
summary judgment on Plaintiff's claims.

Many of Plaintiff's claims regarding specific acts [such as the failure to properly
treat his neck spasms]  simply do not rise to the level of constitutional violations.
Plaintiff's allegations against many named Defendants are limited to having complained to
them about conditions or because of their alleged episodic acts.  These charges also do
not rise to the level of constitutional violations; qualified immunity protects them from suit.

Therefore, it is hereby ordered that Defendants' motion [45] is granted as to all of
Plaintiff's claims, and Defendants are hereby dismissed.  Final Judgment shall be entered,
and the Complaint is dismissed with prejudice.

So ordered, this the 27th day of March, 2014.


/s/ Linda R. Anderson
 UNITED STATES MAGISTRATE JUDGE